Filed 1/7/25  P. v. Guzman CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALBERT RALPH GUZMAN,<br><br>    Defendant and Appellant. | F087448<br><br>(Super. Ct. No. MF008672A)<br><br>**OPINION** |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Marcus Cuper, Judge.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, and Kari Ricci Mueller, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P. J., Snauffer, J. and Fain, J.†

†       Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## INTRODUCTION

In 2023, appellant Albert Ralph Guzman was serving a term in prison stemming from a 2009 conviction when his sentence was recalled. The lower court struck a one-year enhancement previously imposed under Penal Code section 667.5, subdivision (b).[1] The court resentenced appellant, imposing an upper term.

Appellant appealed to this court. His counsel filed a *Wende*[2] brief, which raised no arguable issues. Appellant's counsel asked us to independently review the entire record.

On November 6, 2024, this court ordered the parties to file supplemental briefing to address whether appellant's aggravated sentence complied with section 1170, subdivision (b)(2). Effective January 1, 2022, an upper term sentence is generally prohibited unless the factors in aggravation are stipulated to by the defendant, proven to a fact finder beyond a reasonable doubt, or relate to a prior conviction that is established by a certified record of conviction. (§ 1170, subd. (b)(1)–(3); see also *People v. Lynch* (2024) 16 Cal.5th 730, 742 (*Lynch*).)

This record does not demonstrate that all facts used to support the imposition of this upper term were established as required. As such, appellant's rights were violated under the Sixth Amendment of the United States Constitution. (See *Lynch, supra*, 16 Cal.5th at p. 768.) We cannot declare that this violation was harmless. Thus, we will vacate appellant's sentence and remand this matter for further proceedings. Appellant shall be given the opportunity for a trial regarding factors in aggravation. (See *Lynch, supra,* at pp. 777–778.)

---

[1]    All future statutory references are to the Penal Code unless otherwise noted.

[2]    *People v. Wende* (1979) 25 Cal.3d 436.

2.

# BACKGROUND

## I.     Appellant's 2009 Conviction and Sentence.

In 2009, appellant was a prison inmate.  Prison officials discovered he was in possession of unauthorized razor blades.  In 2009, appellant was convicted of possessing a weapon as an inmate in violation of section 4502, subdivision (a).

In 2011, the trial court sentenced appellant to four years in prison, which was the upper term.  This sentence was doubled because appellant had a prior serious or violent felony conviction (§ 667, subd. (e)(1)).  An additional one-year enhancement was imposed under section 667.5, subdivision (b).  Appellant received a total determinate prison sentence of nine years.  This sentence was ordered to run consecutively to appellant's existing prison commitment.

## II.     Appellant's Sentence is Recalled.

In December 2023, the trial court recalled appellant's sentence and it struck the one-year enhancement under section 667.5, subdivision (b).  The court recalled appellant's sentence following his successful petition for resentencing pursuant to section 1172.75.[3]

At the 2023 resentencing, the court reimposed the upper term sentence of four years for appellant's possession of a weapon as a prison inmate (§ 4502, subd. (a)).  This sentence was doubled.  This eight-year sentence was ordered to run consecutively to appellant's already existing prison commitment.

---

[3]     After appellant was convicted, section 667.5, subdivision (b), was amended so that "a one-year prior prison term enhancement will only apply if a defendant served a prior prison term for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).  (See Stats. 2019, ch. 590, § 1.)" (*People v. Lopez* (2019) 42 Cal.App.5th 337, 340–341.)

3.

**III.    The Present Appeal.**

Following appellant's appeal and his counsel's filing of the *Wende* brief, this court notified appellant via a letter dated July 9, 2024, that he had the right to file a supplemental brief or letter in this court raising any issues he wished considered. Appellant was notified that, if we did not hear from him within 30 days, we would assume he had nothing further to add.

Via a letter dated August 6, 2024, appellant requested an additional 30 days to file a supplemental brief.  He also stated that this court could relieve his counsel of record "if it wishes to do so."

On August 16, 2024, this court granted appellant a 30-day extension to file a response to the *Wende* brief.  Our order denied the request to relieve appellant's appointed counsel.

Appellant failed to file additional briefing with us within the allotted time.

**IV.    This Court Orders Supplemental Briefing.**

On November 6, 2024, this court ordered the parties to file supplemental briefing to address whether appellant's aggravated sentence complied with section 1170, subdivision (b)(2).  Appellant, through his counsel, argued in his supplemental brief that his aggravated sentence reimposed in 2023 was improper because it appeared that not all factors in aggravation had been established as required under the amended law. Appellant asked us to remand this matter for further proceedings.  In contrast, respondent asserted that the upper term sentence was proper in light of section 1172.75, subdivision (d)(4).  Respondent asked us to affirm the judgment.

On November 19, 2024, this court received a handwritten letter from appellant dated November 14, 2024.  Appellant wrote that he had decided not to file any supplemental brief, and, instead, he would "leave it" to this court to determine whether any issues existed.  Appellant wrote that he did not believe the trial court should have

given him a maximum term.  He asked for any appropriate remedy if it was determined a sentencing error had occurred.

On November 19, 2024, this court forwarded appellant's letter to his counsel of record.  We asked appellant's counsel to review the material and make all necessary communications with appellant consistent with her role as attorney of record.

We turn to the merits of the parties' supplemental arguments.

## DISCUSSION

**I.    Facts Justifying an Upper Term Must be Established Beyond a Reasonable Doubt.**

Effective January 1, 2022, section 1170, subdivision (b), "was amended to prohibit imposition of an upper term sentence unless aggravating circumstances justify that term and the facts underlying any such circumstance, other than a prior conviction, 'have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.'  [Citations.]"  (*People v. Lynch*, *supra*, 16 Cal.5th at p. 742.)  This amendment applies retroactively to defendants whose judgments are not final on direct appeal.  (*Ibid.*)

In August 2024, the California Supreme Court issued *Lynch, supra,* 16 Cal.5th 730.  In general, *Lynch* provides guidance regarding how to assess prejudice when an upper term is imposed without the factors in aggravation being established beyond a reasonable doubt.  (*Id.* at pp. 742–743.)  A majority of a divided high court held that the amendments to section 1170, subdivision (b), trigger a defendant's trial right under the Sixth Amendment of the United States Constitution with respect to every aggravating fact (other than a prior conviction) a trial court uses to justify an upper term sentence.  (*Lynch, supra*, at p. 768.)  Thus, under the current statute, a Sixth Amendment violation occurs if a trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established.  (*Lynch, supra*, at p. 768.)  Such a violation is prejudicial unless an appellate court can conclude beyond a

5.

reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements. (*Ibid.*; see also *Chapman v. California* (1967) 386 U.S. 18, 24 (*Chapman*).) If a reviewing court cannot make such a determination under the *Chapman* standard of review, the defendant is entitled to a remand for resentencing. (*Lynch, supra*, at p. 768.)

In addition to a *Chapman* analysis, the *Lynch* majority also held that the amendment to section 1170 altered a trial court's sentencing discretion. (*Lynch, supra*, 16 Cal.5th at p. 773.) Under the prior statute, a court had broad discretion in selecting an appropriate sentence. However, the current statute "narrows that authority by creating a presumption against the upper term, which may be overcome only if the required facts are properly proven and the court concludes that term is justified. These changes circumscribe the trial court's previously broad discretion to select whichever of the three terms of imprisonment serves the interests of justice." (*Ibid.*) Accordingly, for sentences imposed before the statute's 2022 amendment, it is likely a trial court did not exercise informed sentencing discretion because it was unaware of the scope of its discretionary powers. (*Id.* at p. 774; see also *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 [a trial court unaware of the scope of its discretionary powers cannot exercise " ' "informed discretion" ' "].)

In this matter, appellant was resentenced in 2023 pursuant to section 1172.75. This statute creates a special procedure for trial courts to recall a final judgment to strike now-invalid prior prison term enhancements. Under this section, a trial court must conduct a resentencing hearing wherein it considers recent ameliorative changes to California's sentencing laws, including section 1170, subdivision (b)(2), as well as any other postconviction factors. (§ 1172.75, subds. (d)(2), (3).)

Respondent impliedly concedes that, when appellant was resentenced in 2023, the upper term was imposed without all factors in aggravation being found true in

6.

compliance with section 1170.  Respondent, however, contends that appellant's aggravated sentence is nevertheless proper.  Respondent points us to subdivision (d)(4) of section 1172.75, which is part of the resentencing provisions when a one-year enhancement under section 667.5, subdivision (b), is struck.

Subdivision (d)(4) of section 1172.75 states: "*Unless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (Italics added.)

Panels from the Third District and the Sixth District have separately analyzed how to interpret the italicized language above.  They do not agree.

According to a panel in the Third District, section 1172.75, subdivision (d)(4), permits a sentencing court to reimpose an upper term sentence even if aggravating factors were never found true beyond a reasonable doubt.  (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 458 (*Brannon-Thompson*).)  This panel reached its holding based on the plain language appearing in subdivision (d)(4).  (*Brannon-Thompson, supra,* at p. 466.)  The *Brannon-Thompson* court held that factors in aggravation must be established beyond a reasonable doubt "only if the trial court is imposing the upper term for the first time."  (*Ibid*.)

In contrast, a panel from the Sixth District recently disagreed with *Brannon-Thompson*'s interpretation.  (*People v. Gonzalez* (2024) 107 Cal.App.5th 312, 330 (*Gonzalez*).)  The *Gonzalez* court acknowledged "that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence."  (*Gonzalez, supra*, at pp. 328–329.)  However, *Gonzalez* noted that another reasonable interpretation exists.

According to the *Gonzalez* court, section 1172.75, subdivision (d)(4), could be read as simply restricting the scope of defendants eligible to receive an upper term at resentencing. Under this alternative interpretation, only defendants who previously received an aggravated sentence could again have an upper term imposed against them. (*Gonzalez, supra,* 107 Cal.App.5th at p. 329.) The *Gonzalez* court wrote that, under its interpretation, "a defendant would be eligible for the upper term but could not receive it in the absence of aggravating factors stipulated to by the defendant or proven beyond a reasonable doubt to the trier of fact." (*Ibid.*)

In support of its interpretation, the *Gonzalez* court noted that section 1172.75, subdivision (d)(2), directs a resentencing court to apply any changes in law that reduce sentences. (*Gonzalez, supra,* 107Cal.App.5th at p. 329.) The panel from the Sixth District was also concerned about the impact of the Sixth Amendment on these issues. It noted that, if it interpreted section 1172.75, subdivision (d)(4), in the manner advocated by the Attorney General, some defendants could receive aggravated sentences in violation of the rule that "eligibility for any upper term sentence depends on 'facts that have been established consistently with Sixth Amendment principles.' [Citation.]" (*Gonzalez, supra,* at p. 329.)

## II.  We Reject Respondent's Position.

Respondent urges us to follow *Brannon-Thompson*. According to respondent, the recent amendments to section 1170, subdivision (b)(2), do not apply in this case based on the language appearing in subdivision (d)(4) of section 1172.75. In contrast, appellant contends that the "constitutional guarantee" clarified in *Lynch* prevents us from following the holding in *Brannon-Thompson*.

We agree with appellant, and we reject respondent's position. The Third District in *Brannon-Thompson* did not address the Sixth Amendment. It also did not discuss our high court's opinion in *Lynch*, which cautions that a Sixth Amendment violation occurs if

8.

a trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established. (*Lynch, supra*, 16 Cal.5th at p. 768.)

In this matter, the 2023 probation report recommended that appellant should receive an upper term for his possession of a weapon as a prison inmate (§ 4502, subd. (a)). The probation report listed three factors in aggravation: (1) appellant had numerous prior convictions as an adult and sustained petitions in juvenile delinquency proceedings; (2) appellant served a juvenile commitment and a prior prison term; and (3) appellant's prior performance on parole and juvenile probation was unsatisfactory.

At the 2023 resentencing in this matter, the defense asked for the middle term to be imposed. The sentencing court stated it had reviewed a "certified RAP sheet" for appellant, which was five pages in length. The court also reviewed the probation report dated December 1, 2023. The court observed that, according to information supplied to the probation department, appellant had incurred numerous rule violations while in prison. The court noted "three incidents of battery, two incidents of an unlawful possession of a cell phone, and two incidents of being absent from an assignment." Without specifically explaining its reasoning, the sentencing court reimposed the prior upper term of four years, which was doubled under the "Three Strikes" law.

A Sixth Amendment violation occurred because, when it imposed the upper term, the lower court relied on unproven facts to support factors in aggravation. The trial court appeared to focus on numerous unsubstantiated allegations detailed in the probation report regarding appellant's ongoing violations while in custody. Although the court reviewed a certified RAP sheet, no findings were ever made beyond a reasonable doubt regarding any of the three factors in aggravation which the probation report detailed regarding appellant's criminal history. Indeed, the sentencing court never explained why it believed an upper term was justified.

9.

Because the Sixth Amendment is implicated, we do not agree with the Attorney General's interpretation of section 1172.75, subdivision (d)(4), and we decline to follow *Brannon-Thompson*. The reasoning in *Gonzalez* is persuasive, and we follow it here.

## III. Further Proceedings are Required.

This Sixth Amendment violation is prejudicial. This record does not demonstrate which facts the sentencing court relied upon to justify this upper term. Thus, we cannot conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts apparently relied upon by the sentencing court to justify the aggravated sentence. (See *Chapman, supra,* 386 U.S. at p. 24.) Accordingly, appellant is entitled to a remand for resentencing. (See *Lynch, supra,* 16 Cal.5th at p. 768.)

Following remand, appellant shall be given the opportunity for a trial regarding factors in aggravation conducted in accordance with the current statutory requirements. (*Lynch, supra*, 16 Cal.5th at p. 777.) The parties are free to introduce at trial all relevant evidence to support or contest the factual support for the aggravating circumstances set out in the California Rules of Court. The court may rely on any properly proven aggravating facts. The court retains its discretion to impose an upper term sentence if it concludes that one or more properly proved circumstances justify such a sentence. (§ 1170(b)(2); § 1172.75, subd. (d)(4).) If the sentencing court cannot so conclude, it may impose no more than a middle term. (*Lynch, supra*, 16 Cal.5th at pp. 777–778.)

### DISPOSITION

Appellant's sentence is vacated. This matter is remanded for further proceedings and resentencing consistent with section 1172.75, subdivision (d), including the applicability of section 1170, subdivisions (b)(2) and (b)(6). In all other respects, the judgment is affirmed.